Leslie T. Gladstone, Trustee (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
FINANCIAL LAW GROUP
5785 La Jolla Blvd., Ste. A
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsímile: (858) 454-9596

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>STEVEN MCBRIDE KELLY<br>AMBER MARIE GOSSETT,<br><br><br>Debtors.<br><br><br>LESLIE T. GLADSTONE, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.:  08-08599-LT7<br><br>Chapter 7<br><br>Adv. No.:<br><br>COMPLAINT FOR DECLARATORY RELIEF, AVOIDANCE OF LIEN, AVOIDANCE OF PREFERENTIAL TRANSFER, AND QUIET TITLE |

COMES NOW, LESLIE T. GLADSTONE, chapter 7 trustee ("**Plaintiff**"), and alleges as follows:

**JURISDICTION AND VENUE**

1.    On September 1, 2008, Steven McBride Kelly and Amber Marie Gossett (collectively, the "**Debtors**") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.  On or about the same date, Plaintiff was appointed as chapter 7 trustee in the Debtors' bankruptcy case.

2.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (K), and (O).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

5.      At all times since her appointment, Plaintiff has been duly appointed, qualified, and serving as chapter 7 trustee in the Debtors' bankruptcy case.

6.      Plaintiff alleges on information and belief that Defendant WELLS FARGO BANK N.A. ("**Defendant**") is a national association organized and existing under the laws of the United States of America.

**GENERAL ALLEGATIONS**

7.      The Debtors own certain real property commonly known as 17199 West Bernardo Drive #103, San Diego, California 92127 (the "**Property**").

8.      Plaintiff alleges on information and belief that on or about May 12, 2005, the Debtors executed a promissory note in favor of Defendant in the principal amount of $279,950.00.

9.      Plaintiff alleges on information and belief that the Debtors' obligations under such promissory note were secured by a Deed of Trust, executed by the Debtors in favor of Defendant and recorded as Document No. 2005-0421176 in the Official Records, San Diego County Recorder's Office, on May 18, 2005.

10.     Plaintiff alleges on information and belief that a Substitution of Trustee and Full Reconveyance (the "**Reconveyance**") regarding the Property was recorded as Document No. 2005-0693471 in the Official Records, San Diego County Recorder's Office, on August 12, 2005, thereby extinguishing Defendant's secured lien on the Property.  A true copy of the Reconveyance is attached hereto as Exhibit "A."

11.     On or about July 23, 2008, Defendant filed a lawsuit in San Diego Superior Court against the Debtors with respect to Defendant's now-unsecured lien on the Property (the "**State Court Action**").

/ / /

IN RE KELLY, CASE NO. 08-08599-LT7
                                                                          COMPLAINT

12.     On July 23, 2008, Defendant caused to be recorded on the Property a Notice of Pendency of Action (the "**Lis Pendens**") regarding the State Court Action.  A true copy of the Notice of Pendency of Action is attached hereto as Exhibit "B."

13.     The Debtors filed their chapter 7 bankruptcy petition on September 1, 2008 (the "**Petition Date**"), 40 days after the recording date of the Lis Pendens.

14.     On the Petition Date,

     (a)     the State Court Action was stayed pursuant to 11 U.S.C. Section 362,

     (b)     no judgment had been rendered in the State Court Action, and

     (c)     Defendant did not hold a perfected security interest in the Property.

15.     In the event the State Court Action resumes and Plaintiff perfects its security interest in the Property,

     (a)     under Section 101(54) of the Bankruptcy Code, such perfection constitutes a "transfer" of an interest of the Debtors in property, and

     (b)     under Section 405.24 of the California Code of Civil Procedure, such transfer can be effective no earlier than July 23, 2008, the recording date of the Lis Pendens, a date within 90 days prior to the Petition Date.

16.     Plaintiff alleges on information and belief that as of the Petition Date, the Debtors had $250,670.00 in scheduled assets and $456,378.86 in scheduled liabilities.

### FIRST CLAIM FOR RELIEF

### (Declaratory Relief – 28 U.S.C. Section 2201)

17.     Plaintiff realleges and incorporates by reference paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning whether the Property is subject to any perfected lien in favor of Defendant.

19.     Plaintiff believes the Property is property of the bankruptcy estate and at the time the bankruptcy petition was filed Defendant had no perfected lien on the Property.  Defendant refuses to acknowledge this fact and remove its Lis Pendens on the Property.  Thus, a dispute exists as to the rights of the parties with respect to the Property.

IN RE KELLY, CASE NO. 08-08599-LT7
COMPLAINT

20.    Without the Bankruptcy Court's immediate intercession and determination of the rights of the parties in the Property, Plaintiff and the bankruptcy estate will continue to suffer damages and these parties will continue to dispute their right to this Property.  The Bankruptcy Court's jurisdiction is invoked to resolve the dispute over validity of Defendant's lien on the Property.

21.    Plaintiff desires a judicial determination of the estate's rights in the Property.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Lien – 11 U.S.C. § 544(a))

22.    Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23.    Section 544(a) of the Bankruptcy Code vests a trustee with the rights of a hypothetical lien creditor whose lien was perfected at the time of the bankruptcy filing, regardless of any knowledge of the debtor, the trustee, or any creditor.  As such, Section 544(a) further allows a trustee to avoid a lien claim of a creditor that does not hold a perfected security interest in a debtor's assets.

24.    The recording of the Reconveyance terminated perfection of Defendant's security interest in the Property prior to the Petition Date.

25.    As a result of the recording of the Reconveyance, any security interest of Defendant in the Property was unperfected on the Petition Date.  Moreover, by virtue of the foregoing, there was no notice of Defendant's security interest to a hypothetical lien creditor whose lien was perfected at the time of the bankruptcy filing.

26.    Accordingly, the security interest of Defendant is unenforceable pursuant to California law as against a hypothetical lien creditor whose lien was perfected at the time of the bankruptcy filing.

27.    The unperfected security interest of Defendant is void as to Plaintiff by virtue of 11 U.S.C. Section 544(a).

## THIRD CLAIM FOR RELIEF

### (Avoidance of Lien – 11 U.S.C. § 544(c))

28.    Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of the Complaint as though fully set forth herein.

///

IN RE KELLY, CASE NO. 08-08599-LT7
COMPLAINT

29.    Section 544(c) of the Bankruptcy Code vests a trustee with the rights of a bona fide purchaser of real property from the debtor who perfected such transfer at the time of the bankruptcy filing, regardless of any knowledge of the debtor, the trustee, or any creditor.  As such, Section 544(c) further allows a trustee to avoid a lien claim of a creditor that does not hold a perfected security interest in a debtor's assets.

30.    The recording of the Reconveyance terminated perfection of Defendant's security interest in the Property prior to the Petition Date.

31.    As a result of the recording of the Reconveyance, any security interest of Defendant in the Property was unperfected as of the Petition Date.  Moreover, by virtue of the foregoing, there was no notice of Defendant's security interest to a hypothetical bona fide purchaser whose transfer was perfected at the time of the bankruptcy filing.

32.    Accordingly, the security interest of Defendant is unenforceable pursuant to California law as against a bona fide purchaser whose transfer was perfected at the time of the bankruptcy filing.

33.    The unperfected security interest of Defendant is void as to Plaintiff by virtue of 11 U.S.C. Section 544(c).

## FOURTH CLAIM FOR RELIEF

### (Avoidance of Preferential Transfer – 11 U.S.C. § 547; Cal. Civ. Proc. Code §405.24)

34.    Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35.    Plaintiff alleges on information and belief that the transfer identified in paragraph 15 above represents a transfer of an interest of the Debtors in property,

        (1)    to or for the benefit of a creditor;

        (2)    for or on account of an antecedent debt owed by the Debtors before such transfer was made;

        (3)    made while the Debtors were insolvent;

        (4)    made —

            (A)    on or within 90 days before the date of the filing of the petition; or

IN RE KELLY, CASE NO. 08-08599-LT7
COMPLAINT

(B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5)    that enables such creditor to receive more than such creditor would receive if —

(A)    the case were a case under chapter 7 of the Bankruptcy Code;

(B)    the transfer had not been made; and

(C)    such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

36.    In the event the State Court Action resumes and Defendant perfects its lien, Plaintiff may avoid the transfer identified in paragraph 15 above and recover, for the benefit of the estate, the property transferred, or, if the Court so orders, the value of such property, from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

## FIRST CLAIM FOR RELIEF

1.    For a declaration/judgment that any lien held by Defendant in the Property is unsecured.

2.    For attorney's fees and costs associated with this adversary proceeding if successful.

3.    For such other relief as the Court deems necessary and proper.

## SECOND CLAIM FOR RELIEF

1.    That Defendant's lien is avoided as unperfected pursuant to 11 U.S.C. Section 544(a).

2.    For attorney's fees and costs associated with this adversary proceeding, if successful, and all collection costs thereafter.

3.    For such other relief as the Court deems necessary and proper.

## THIRD CLAIM FOR RELIEF

1.    That Defendant's lien is avoided as unperfected pursuant to 11 U.S.C. Section 544(c).

2.    For attorney's fees and costs associated with this adversary proceeding, if successful, and all collection costs thereafter.

3.    For such other relief as the Court deems necessary and proper.

1

## FOURTH CLAIM FOR RELIEF

2      1.      That, in the event Defendant's lien is deemed perfected by virtue of the Lis Pendens

3  recordation, the perfection of any such lien on the Property in favor of Defendant be avoided as a

4  preference pursuant to 11 U.S.C. Section 547.

5      2.      That Plaintiff may recover for the benefit of the estate, the property transferred, or if the

6  Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for

7  whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial

8  transferee.

9      3.      For attorney's fees and costs associated with this adversary proceeding, if successful,

10  and all collection costs thereafter

11     4.      For such other relief as the Court deems necessary and proper.

12                                            FINANCIAL LAW GROUP

13

14  Dated:  September 17, 2009                By:  /s/ Christin A. Batt
                                             Christin A. Batt, Esq.
15                                            Attorneys for Leslie T. Gladstone, Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "A"

13376

COPY

Recording Requested by:
ReconTrust Company, N.A.
176 Countrywide Way
MS: LAN-88
Lancaster, CA 93535-9944
(800) 540-2684

When recorded return to:
STEVEN C KELLY
547 DUNDEE LANE
SAN MARCOS, CA, CA 92069

DOC #    2005-0693471

AUG 12, 2005    2:19 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:       16.00    WAYS:      2
PAGES:          1    DA:        1

2005-0693471

Above Space for Recorder's Use
DOCID#000803582862005N

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

WHEREAS,    STEVEN C KELLY
was the original Trustor, under that certain Deed of Trust dated 04/01/2005 and recorded 05/18/2005, as Instrument or Document No. 20050421176, in Book N/A, Page N/A, of Official Records of the County of SAN DIEGO, State of California.

WHEREAS, the undersigned, Mortgage Electronic Registration Systems, Inc., as the present Beneficiary(s) under said Deed of Trust hereby substitutes a new Trustee, ReconTrust Company, N.A., under said Deed of Trust, and ReconTrust Company, N.A. as Trustee under said Deed of Trust does hereby reconvey, without warranty, to the person or persons legally entitled thereto, the estate now held by Trustee under said Deed of Trust.

Dated: 08/04/2005

New Trustee:
ReconTrust Company, N.A.

Current Beneficiary:
Mortgage Electronic Registration Systems, Inc.

David Leighton
Assistant Secretary

Kathy Cochran
Assistant Secretary

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On 08/04/2005, before me, R. Nickolas, Notary Public, personally appeared David Leighton and Kathy Cochran, both personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose names are subscribed to the within Instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the Instrument the persons, or the entities upon behalf of which the persons acted, executed the Instrument.

Witness my hand and official seal.

R. Nickolas
Notary Public for said State and County
Expires: 10/14/2007

R. NICKOLAS
COMM. #1445492
NOTARY PUBLIC-CALIFORNIA
Los Angeles County
My Comm. Exp. OCT. 14, 2007

Description: San Diego,CA Document-Year.DocID 2005.693471 Page: 1 of 1
Order: 3632385 Comment:

# EXHIBIT "A"

REAL PROPERTY IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

A CONDOMINIUM COMPRISED OF:

PARCEL NO. 1:

UNIT 103/BUILDING 14 (THE "UNIT"), AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN (TOGETHER WITH ANY AMENDMENTS, THE "PLAN") FILED ON MARCH 30, 2004, AS INSTRUMENT NO. 2004-0264523 IN THE OFFICIAL RECORDS OF SAN DIEGO COUNTY, CALIFORNIA (THE "OFFICIAL RECORDS"). THE PLAN COVER PORTIONS OF LOTS 3 AND 4 OF TRACT NO. 10767, AS SHOWN ON THE MAP THEREOF, FILED ON NOVEMBER 17, 1983 IN THE OFFICE OF THE SAN DIEGO COUNTY RECORDER.

ALSO RESERVING THEREFROM FOR THE BENEFIT OF THE GRANTOR ITS SUCCESSORS IN INTEREST ASSIGNS TOGETHER THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME:

A. ALL OIL RIGHTS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND RIGHTS TO ALL OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, TO ALL GEOTHERMAL HEAT AND TO ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING COLLECTIVELY, "SUBSURFACE RESOURCES"); AND

B. THE PERPETUAL RIGHT TO DRILL, MINE, EXPLORE AND OPERATE FOR AND TO PRODUCE, STORE AND REMOVE ANY OF THE SUBSURFACE RESOURCES ON OR FROM THE UNIT, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE UNIT, WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE

G:\Linda\Pleadings\Legal Description for Wells Kelly.doc

UNIT, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS WITHIN OR BEYOND THE EXTERIOR LIMITS OF THE UNIT, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, BUT WITHOUT THE RIGHT TO DRILL, MINE, EXPLORE, OPERATE, PRODUCE, STORE OR REMOVE ANY OF THE SUBSURFACE RESOURCES THROUGH OR IN THE SURFACE OR THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE UNIT.

PARCEL NO. 2:

AN UNDIVIDED ONE-THIRTY-SECOND (1/32) FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE COMMON AREA DESCRIBED IN THE PLAN.

PARCEL NO. 3:

NONEXCLUSIVE EASEMENTS FOR ACCESS, DRAINAGE, ENCROACHMENT, MAINTENANCE, REPAIR, AND FOR OTHER PURPOSES, ALL AS MAY BE SHOWN ON THE PLAN AND THE MAP, AND AS DESCRIBED IN THE DECLARATION.

PARCEL No. 4:

AN EXCLUSIVE EASEMENT OVER THE EXCLUSIVE USE AREAS, IF ANY, AS APPROXIMATELY SHOWN AND ASSIGNED IN THE PLAN AND IDENTIFIED AS APPURTENANT TO THE UNIT.

PARCEL NO. 5: (IF APPLICABLE)

AN EXCLUSIVE EASEMENT FOR THE PARKING PURPOSES OVER THE EXCLUSIVE USE AREA AS SHOWN AND ASSIGNED IN THE CONDOMINIUM PLAN FILED ON MARCH 30, 2004, AS INSTRUMENT NO. 2004-0264523 IN THE OFFICIAL RECORDS AND IDENTIFIED AS APPURTENANT TO THE UNIT.

# Exhibit "B"

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Law Offices of Glenn H. Wechsler
1655 North Main Street, Suite 230
Walnut Creek, California 94596
Telephone (925) 274-0200

7823



DOC #    2008-0394845

JUL 23, 2008    4:55 PM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        25.00

**PAGES:        6**



THIS SPACE FOR RECORDERS USE ONLY

# NOTICE OF PENDENCY OF ACTION

G:\Barbara\COVER SHEET for Lis Pendens.doc

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

☐ Recording requested by and return to:

Glenn H. Wechsler, Esq. (SBN: 118456)
LAW OFFICES OF GLENN H. WECHSLER
1655 N. Main Street, #230
Walnut Creek, CA 94596
TELEPHONE AND FAX NOS.: Telephone: 925-274-0200
ATTORNEY FOR (Name): Plaintiff WELLS FARGO BANK, N.A.

**FOR RECORDER'S USE ONLY**

**7824**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)

WELLS FARGO BANK, N.A.

DEFENDANT(S)

STEVEN KELLY, AMBER GOSSETT, et al.

CASE NUMBER
37-2008-00088270-CU-OR-CTL

FOR COURT USE ONLY

**NOTICE OF PENDENCY OF ACTION**
(CCP 405.2, 405.20, 405.21, 405.22)

**NOTE:** Code of Civil Procedure, Section 405.21 allows an attorney of record in an action to sign a notice of pendency of action. A judge of the court in which an action is pending may, on request of a party thereto, approve such a notice. A notice of pendency of action may not be recorded unless it is signed by the attorney of record or is signed by a party acting in propria persona and approved by a judge. CCP 405.22 requires service of a notice of pendency of action before recordation.

NOTICE IS GIVEN that an action commenced on _____, 2008_____, in the above-entitled court, which concerns real property or affects the title or the right of possession of real property. The names of all parties to the action are as follows:

WELLS FARGO BANK, N.A. _____ vs.

STEVEN KELLY, AMBER GOSSETT, RECON TRUST COMPANY, N.A. & DOES 1 through 20, inclusive.

The property in question is described as follows: 17199 West Bernardo Drive, #103, San Diego, California, as more

particularly described in Exhibit A" attached hereto and incorporated herein.

Date: July 22, 2008 _____

Signature of attorney or party in propria persona

Glenn H. Wechsler, Attorney for Plaintiff

The Notice of Pendency of Action contained herein is **APPROVED**.

Date: _____          _____
                                                              Judge of the Superior Court

SDSC CIV-50(Rev. 9-00)          **NOTICE OF PENDENCY OF ACTION**

7825

# EXHIBIT "A"

REAL PROPERTY IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

A CONDOMINIUM COMPRISED OF:

PARCEL NO. 1:

UNIT 103/BUILDING 14 (THE "UNIT"), AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN (TOGETHER WITH ANY AMENDMENTS, THE "PLAN") FILED ON MARCH 30, 2004, AS INSTRUMENT NO. 2004-0264523 IN THE OFFICIAL RECORDS OF SAN DIEGO COUNTY, CALIFORNIA (THE "OFFICIAL RECORDS"). THE PLAN COVER PORTIONS OF LOTS 3 AND 4 OF TRACT NO. 10767, AS SHOWN ON THE MAP THEREOF, FILED ON NOVEMBER 17, 1983 IN THE OFFICE OF THE SAN DIEGO COUNTY RECORDER.

ALSO RESERVING THEREFROM FOR THE BENEFIT OF THE GRANTOR ITS SUCCESSORS IN INTEREST ASSIGNS TOGETHER THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME:

A. ALL OIL RIGHTS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND RIGHTS TO ALL OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, TO ALL GEOTHERMAL HEAT AND TO ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING COLLECTIVELY, "SUBSURFACE RESOURCES"); AND

B. THE PERPETUAL RIGHT TO DRILL, MINE, EXPLORE AND OPERATE FOR AND TO PRODUCE, STORE AND REMOVE ANY OF THE SUBSURFACE RESOURCES ON OR FROM THE UNIT, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE UNIT, WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE

G:\Linda\Pleadings\Legal Description for Wells Kelly.doc

7826

UNIT, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS WITHIN OR BEYOND THE EXTERIOR LIMITS OF THE UNIT, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, BUT WITHOUT THE RIGHT TO DRILL, MINE, EXPLORE, OPERATE, PRODUCE, STORE OR REMOVE ANY OF THE SUBSURFACE RESOURCES THROUGH OR IN THE SURFACE OR THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE UNIT.

PARCEL NO. 2:

AN UNDIVIDED ONE-THIRTY-SECOND (1/32) FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE COMMON AREA DESCRIBED IN THE PLAN.

PARCEL NO. 3:

NONEXCLUSIVE EASEMENTS FOR ACCESS, DRAINAGE, ENCROACHMENT, MAINTENANCE, REPAIR, AND FOR OTHER PURPOSES, ALL AS MAY BE SHOWN ON THE PLAN AND THE MAP, AND AS DESCRIBED IN THE DECLARATION.

PARCEL No. 4:

AN EXCLUSIVE EASEMENT OVER THE EXCLUSIVE USE AREAS, IF ANY, AS APPROXIMATELY SHOWN AND ASSIGNED IN THE PLAN AND IDENTIFIED AS APPURTENANT TO THE UNIT.

PARCEL NO. 5: (IF APPLICABLE)

AN EXCLUSIVE EASEMENT FOR THE PARKING PURPOSES OVER THE EXCLUSIVE USE AREA AS SHOWN AND ASSIGNED IN THE CONDOMINIUM PLAN FILED ON MARCH 30, 2004, AS INSTRUMENT NO. 2004-0264523 IN THE OFFICIAL RECORDS AND IDENTIFIED AS APPURTENANT TO THE UNIT.

G:\Linda\Pleadings\Legal Description for Wells Kelly.doc

7827

## PROOF OF SERVICE BY CERTIFIED MAIL WITH RETURN RECEIPT

I am employed in the County of Contra Costa, State of California. I am over the age of 18 years and not a party to the within action. My business address is c/o Law Offices of Glenn H. Wechsler, 1655 North Main Street, Suite 230, Walnut Creek, California 94596.

On July 22, 2008, I served the following document(s):

### NOTICE OF PENDENCY OF ACTION

and correct copies thereof, enclosed in a sealed envelope with postage thereon fully prepaid in a United States Post Office mailbox in Walnut Creek, California, Certified Mail, Return Receipt Requested, and addressed as follows:

Steven Kelly
17199 West Bernardo Dr., #103
San Diego, CA  92127

Amber Gossett
17199 West Bernardo Dr., #103
San Diego, CA  92127

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Walnut Creek, California on July 22, 2008.

*Barbara Kennick*

BARBARA KENNICK

G:\Barbara\POS Wells Kelly By certified mail return receipt requested.doc

7828                                                                    6

| State of California | ) | CALIFORNIA ALL-PURPOSE |
| County of ___Contra Costa___ | ) | CERTIFICATE OF ACKNOWLEDGMENT |

On __7/22/2008__ before me, __LINDA MARIE SMITH, NOTARY PUBLIC__ ,
                                                    (here insert name and title of the officer)

personally appeared __~GLENN H. WECHSLER~__

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Linda Marie Smith_

LINDA MARIE SMITH
COMM. #1803544
Notary Public · California
Contra Costa County
My Comm. Expires Jul. 3, 2012

(Seal)

─────────────── OPTIONAL INFORMATION ───────────────

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____
NOTICE OF PENDENCY OF ACTION
_____ .
containing __4__ pages, and dated __JULY 22, 2008__ .

The signer(s) capacity or authority is/are as:

☐ Individual(s)
☐ Attorney-in-Fact
☐ Corporate Officer(s) _____
                                              Title(s)

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
              Name(s) of Person(s) or Entity(ies) Signer is Representing

**Additional Information**

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
L☐ form(s) of identification  ☐ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____     Entry # _____

Notary contact: _____

Other
☐ Additional Signer(s)   ☐ Signer(s) Thumbprint(s)
☐ _____

© Copyright 2007 Notary Rotary, Inc. 925 29th St., Des Moines, IA 50312-3612    Form ACK03. 10/07.    To re-order, call toll-free 1-877-349-6588 or visit us on the Internet at http://www.notaryrotary.com