CSD 1001A [11/15/04]

Name, Address, Telephone No. & I.D. No.

Leslie T. Gladstone, 144615
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone: (858) 454-9887
Chapter 7 Trustee

Order Entered on
March 15, 2011
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

STEVEN MC BRIDE KELLY
AMBER MARIE GOSSETT,

Debtor.

BANKRUPTCY NO. 08-08599-LT7

Date of Hearing: N/A
Time of Hearing: N/A
Name of Judge: LAURA S. TAYLOR

## ORDER ON
## UNCONTESTED NOTICE OF INTENDED ACTION TO APPROVE STIPULATION TO SETTLE CLAIM AND ADVERSARY PROCEEDING WITH WELLS FARGO BANK, N.A.,

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __2__ with exhibits, if any, for a total of __2__ pages, is granted. Motion/Application Docket Entry No. __62__

//
//
//
//
//
//

DATED: March 15, 2011

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

FINANCIAL LAW GROUP
(Firm name)

By: /s/ Leslie T. Gladstone
    Attorney for ☐ Movant ☐ Respondent

CSD 1001A

```
CSD 1001A [11/15/04] (Page 2)
ORDER ON  UNCONTESTED NOTICE OF INTENDED ACTION TO APPROVE STIPULATION TO
DEBTOR: STEVEN MC BRIDE KELLY
        AMBER MARIE GOSSETT,                            CASE NO: 08-08599-LT7
```

On or about February 1, 2011, Leslie T. Gladstone (the "Trustee") filed and served her Notice of Intended Action and Opportunity for Hearing regarding her intent to enter into a Stipulation to Settle Secured Claim and Adversary Proceeding with Wells Fargo Bank, N.A., ("Creditor").

One of the assets in this bankruptcy case is a condominium and real property commonly known as 17199 West Bernardo Drive #103, San Diego, California 92127 (the "Property").  On or about May 12, 2005, the Debtors executed a promissory note in favor of the Creditor in the principal amount of $279,950.00 (the "Note").  The Debtors' obligations under such promissory note were secured by a Deed of Trust, executed by the Debtors in favor of the Creditor, and duly recorded on the Property.  Mortgage Electronic Registration Systems Inc., as the purported beneficiary under the Deed of Trust, executed and recorded a Substitution of Trustee and Full Reconveyance (the "Reconveyance") regarding the Property, leaving the Creditor with an unperfected lien (the "Contested Lien") on the Property as of the date of the bankruptcy filing.  The Creditor asserted that the filing of the Reconveyance was unauthorized. On or about July 23, 2008, the Creditor filed a lawsuit (the "State Court Action") in San Diego Superior Court against the Debtors to perfect the Contested Lien. In connection with the State Court Action, the Creditor recorded a lis pendens on the Property.  The State Court Action was stayed, prior to judgment, by commencement of this bankruptcy case on September 1, 2008.

On or about September 28, 2009, the Trustee filed an adversary proceeding (the "Adversary Proceeding") against the Creditor to avoid perfection of the Contested Lien pursuant to Section 547 of the Bankruptcy Code.  The Trustee and the Creditor worked with a mediator to resolve the respective claims in this adversary proceeding.  As of January 6, 2011, the Creditor was owed approximately $336,000 under the terms of the Note.

The Trustee and the Creditor entered a stipulation regarding treatment of the Creditor's claim as to the Contested Lien and settlement of the Adversary Proceeding.  The Parties agreed that the Creditor's Contested Lien shall be treated in this bankruptcy case as a secured claim in the total amount of One Hundred Ten Thousand and 00/100ths Dollars ($110,000.00) and no other claim with respect to the Creditor shall be filed or allowed in this bankruptcy case.  Within twenty (20) days after Bankruptcy Court approval of this Stipulation, the Trustee agreed to dismiss the Adversary Proceeding against the Creditor.

Wherefore, the Trustee requests that this court approve the stipulation.  No opposition was received thereto.  Based on the foregoing and good cause appearing therefor,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The stipulation with Wells Fargo Bank, N.A., is approved in its entirety.

2. Wells Fargo Bank's Contested Lien shall be treated in this bankruptcy case as a secured claim in the total amount of One Hundred Ten Thousand and 00/100ths Dollars ($110,000.00), and no other claim with respect to Wells Fargo Bank shall be filed or allowed in this bankruptcy case.

3. The Trustee is ordered to dismiss the Adversary Proceeding against Wells Fargo Bank within twenty (20) days after entry of this Order.

IT IS SO ORDERED.

CSD 1001A

*Signed by Judge Laura Stuart Taylor March 15, 2011*